**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

LEONEL J.A.,

Petitioner,

v.

DAVID VENTURELLA, Senior Official Performing Duties of Director of United States Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity; DAVID EASTERWOOD, Director, U.S. Immigration and Customs Enforcement, St. Paul Field Office, in his official capacity; WARDEN, Sherburne County Jail, in their official capacity,

Respondents.

Case No. 26-CV-2296 (NEB/LIB)

ORDER ACCEPTING REPORT AND RECOMMENDATION

The Court has received the July 30, 2026 Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois. (ECF No. 31.) Judge Brisbois recommended that Petitioner Leonel J.A.'s Amended Petition for Writ of Habeas Corpus (ECF No. 26) be granted and that Leonel J.A. be immediately released from custody. (ECF No. 31 at 10.) In the R&R, Judge Brisbois concluded that (1) 28 U.S.C. Section 2244(a) does not bar Leonel J.A.'s petition, and (2) his warrantless arrest was unlawful. (*Id.* at 4–6; 7–9.) This Order presumes familiarity with the R&R.

Respondents object to the R&R on limited procedural grounds only (ECF No. 32), which the Court reviews de novo. 28 U.S.C. Section 636(b)(1). According to Respondents, the R&R erred by recommending release based on the warrantless-arrest theory because Leonel J.A. did not raise the argument until his reply brief, which left Respondents no chance to substantively respond to it. (*Id.* at 1–2.) But Leonel J.A.'s amended petition *does* argue that he was entitled to release on account of his unlawful arrest—several times. (ECF No. 26 ¶¶ 10, 81, 101, 103, 109–110, 144; *id.* at 36.) Respondents could have rebutted this claim but chose not to.

So the Court will consider the warrantless-arrest argument, and it has merit. Courts in this District have repeatedly concluded that release is the proper remedy for a warrantless arrest that fails to comply with 8 U.S.C. Section 1357(a)(2). *Ahmed S. v. Blanche*, No. 22-CV-2265 (KMM/DLM), 2026 WL 1998718, at *7 (D. Minn. July 10, 2026) (collecting cases); *see also Venancio P.J. v. Blanche*, No. 26-CV-2740 (ECT/JFD), 2026 WL 1862252, at *3 (D. Minn. June 29, 2026) (granting immediate release of petitioner subject to mandatory detention under Section 1225(b)(2)(A) whose warrantless arrest violated Section 1357(a)(2)). Thus, the Court overrules Respondents' objection.

Because no party has objected to other parts of the R&R, the Court reviews the remainder for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Finding no clear error, and based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 31) is ACCEPTED.

2. Respondents' Objection (ECF No. 32) is OVERRULED.

3. The Amended Petition for Writ of Habeas Corpus (ECF No. 26) is GRANTED IN PART.

4. Respondents are ORDERED to release Petitioner from custody by August 13, 2026. He must be released:

   a. Inside the State of Minnesota;

   b. At a safe time and place communicated in advance to counsel (Isabelle Plunkett; isabelle@hinesimmigration.com; 612-643-9272); and

   c. With all Petitioner's personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys.

5. Respondents shall file a status update with the Court acknowledging the release of Petitioner with his personal effects.

6. The remainder of Leonel J.A.'s Amended Petition for Writ of Habeas Corpus (ECF No. 26) is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 10, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge